**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
**ATTORNEYS AT LAW**

40 West Ridgewood Avenue
Ridgewood, NJ 07450
(201) 445-6722
FACSIMILE (201) 445-5376

VIRGINIA T. SHEA
(201) 493-3709
vshea@mdmc-law.com

February 1, 2018

**VIA ECF and ELECTRONIC MAIL**
Honorable Rosemary Gambardella, U.S.B.J.
United States Bankruptcy Court
King Federal Building
50 Walnut Street
Newark, New Jersey 07102
chambers_of_rg@njb.uscourts.gov

    Re:    In re Charles Patterson Wright, II and Kanyanat Wright
           Motion for an Order Authorizing the Chapter 7 Trustee to Sell Residential
           Real Property and for Other Relief
           Motion Return Date:  February 6, 2018

Dear Judge Gambardella:

      This office represents Eric R. Perkins, Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate of Charles Patterson Wright, II and Kanyanat Wright (the "Debtors"). Kindly accept this letter-brief in reply to the Limited Objection of Shellpoint Mortgage Servicing ("Shellpoint") to Chapter 7 Trustee's Motion to Sell Property Free and Clear of Liens. (the "Limited Objection"). Specifically, Shellpoint objects in subpart (a) of the Limited Objection, to Section "H" of the Proposed Order, which provides that "The Trustee reserves his right to seek to recover out of any payment to the secured creditor MTGLQ Investors, L.P., for the reasonable necessary costs and expenses of disposing of the Property, under 11 U.S.C. § 506(c)."  Section 506(c) provides that "[t]he trustee may recover from

# M<small>C</small>E<small>LROY</small>, D<small>EUTSCH</small>, M<small>ULVANEY</small> & C<small>ARPENTER</small>, LLP

Hon. Rosemary Gambardella, U.S.B.J.
February 1, 2018

Page 2

property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property." As set forth by the Third Circuit Court of Appeals in In re Visual Industries, Inc., 57 F.3d 321, 325 (3d Cir. 1995).

> Congress' intent in enacting § 506(c) was to assure that when a claimant "expends money to provide for the reasonable and necessary costs and expenses of preserving or disposing of a secured creditor's collateral, the ... debtor in possession is entitled to recover such expenses from the secured party or from the property securing an allowed secured claim held by such party." 124 Cong.Rec. 32,398 (cum. ed. Sept. 28, 1978) (statement of Rep. Edwards), reprinted in 1978 U.S.Code Cong. & Admin.News 6451. Thus, like the equitable common law rule which preceded it, § 506(c) is designed to prevent a windfall to the secured creditor at the expense of the claimant. The rule understandably shifts to the secured party, who has benefitted from the claimant's expenditure, the costs of preserving or disposing of the secured party's collateral …."

Accordingly, a Trustee may seek to carve-out of the payment of a secured lender's lien, the reasonable and necessary costs of liquidating the secured property, in order to prevent a windfall to the secured lender. Guiding case law provides that a Trustee should show that the fees and expenses that comprise a claim under Section 506(c) were reasonable and necessary and benefited the secured creditors. In In re Van Koester, No. 11–27778 (DHS), 2013 WL 1867713 at *3 (Bankr. D.N.J. 2013), the Bankruptcy Court determined:

> If the Trustee shows that the expenses the Trustee incurs or incurred are reasonable and necessary for the preservation or disposal of the Property and provided a benefit to the [claimant] as the first lien holder on the Property, the Trustee is entitled to recover such expenses by surcharging the [claimant] for the payment of such expenses pursuant to 11 U.S.C. §

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Rosemary Gambardella, U.S.B.J.
February 1, 2018

Page 3

>506(c). *In re C.S. Associates*, 29 F.3d 903, 906 (3d Cir.1994); *See Equibank, N .A. v. Wheeling–Pittsburgh Steel Corp*., 884 F.2d 80, 86–87 (3d Cir.1989); *In re McKeesport Steel Castings Co.,* 799 F.2d 91, 94–95 (3d Cir.1986)*.*

Accordingly, here, the Trustee may be entitled to a Rule 506(c) carve-out. At this time, the Trustee is not seeking such carve-out, he is only reserving his right to make such application, if warranted. Accordingly, section "H" of the proposed order merely purports to memorialize the Trustee's right to bring a § 506(c) application at a later date, if warranted. Accordingly, Section "H" of the proposed Order should not be stricken.

Finally, the Trustee has no reason to believe that the secured creditor will not be paid in full from the sales proceeds. We will keep counsel for Shellpoint apprised of the developments as the sales date approaches.

Respectfully,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

*Virginia T. Shea*

Virginia T. Shea