UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-1**

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Virginia T. Shea Esq.
1300 Mount Kemble Avenue
Morristown, NJ 07962
(973) 993-8100
Fax: (973) 425-0161
E-Mail: vshea@mdmc-law.com
*Attorneys for Eric R. Perkins, Chapter 7 Trustee*

Order Filed on July 16, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey

In re:

CHARLES PATTERSON WRIGHT, II AND KANYANAT WRIGHT,

Debtors.

Chapter 7

Case No. 17-31543 (RG)

Honorable Rosemary Gambardella, U.S.B.J.

Hearing Date: July 15, 2019 at 10:00 a.m.

**ORDER APPROVING THE PRIVATE SALE OF THE DEBTORS' RESIDENCE PURSUANT TO 11 U.S.C. § 363, FREE AND CLEAR OF ANY LIENS, CLAIMS, AND ENCUMBRANCES INCLUDING BUT NOT LIMITED TO ANY JUDGMENTS OF 1) ST. CLARE'S HEALTH SYSTEM; 2) CHILTON MEMORIAL HOSPITAL; 3) AHS HOSPITAL CORP D/B/A/ MORRISTOWN MEMORIAL AND 4) CATE WRIGHT**

The relief set forth on the following page numbered two (2) through five (5) is hereby **ORDERED**.

**DATED: July 16, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

Debtor:         Charles Patterson Wright, II and Kanyanat Wright
Case No:        17-31543 (RG)
Caption of Order: Order Approving the Private Sale of the Debtors' Residence Pursuant to 11 U.S.C. § 363, Free and Clear of any Liens, Claims and Encumbrances, including but not limited to any Judgments of 1)St. Clare's Health System, 2) Chilton Memorial Hospital, 3) AHS Hospital Corp. d/b/a Morristown Memorial and 4) Cate Wright.

**THIS MATTER** having come before the Court by Eric R. Perkins, Chapter 7 Trustee for the Debtors' estate, by and through his attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, on a *Motion for an Order Approving the Private Sale of the Debtors' Residence Pursuant to 11 U.S.C. § 363, Free and Clear of any Liens, Claims and Encumbrances, including but not limited to any Judgments of 1) St. Clare's Health System, 2) Chilton Memorial Hospital, 3) AHS Hospital Corp. d/b/a Morristown Memorial and 4) Cate Wright,* (the "Motion") and good and sufficient notice having been provided to creditors and other parties in interest as required under the Federal Rules of Bankruptcy Procedure; and the Court having considered the Motion[1], any opposition thereto; and the Court having further considered the arguments of counsel at the hearing on the Motion, if any; and for good cause shown;

**THE COURT HEREBY FINDS AND DETERMINES THAT**[2]

A. On or about October 24, 2017 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

B. On or about October 24, 2017, the Trustee was duly appointed.

C. As of the Petition Date, the Debtors have maintained an interest in the Property which the Debtors used as their residence.

---

[1] Terms undefined herein shall have the meaning ascribed to them in the Motion and Application submitted therewith.

[2] Findings of fact shall be construed as conclusions of law and conclusion of law as findings of fact where appropriate.

2

Debtor:            Charles Patterson Wright, II and Kanyanat Wright
Case No:           17-31543 (RG)
Caption of Order:  Order Approving the Private Sale of the Debtors' Residence Pursuant to 11 U.S.C. § 363, Free and Clear of any Liens, Claims and Encumbrances, including but not limited to any Judgments of 1)St. Clare's Health System, 2) Chilton Memorial Hospital, 3) AHS Hospital Corp. d/b/a Morristown Memorial and 4) Cate Wright.

D. This Court entered an Order on August 10, 2018 [Doc. No. 44] approving the private sale of the Property pursuant to 11 U.S.C. § 363 from the Trustee to Barba, free and clear of liens, claims, and encumbrances for $200,000.00 cash, among other things.

E. Thereafter, it was discovered that the Property had a cloud on its title; that is, Casey T. Wright ("Casey"), the son of debtor Charles Patterson Wright, II, had a remainder interest in the property and Casey never received due notice of the motion or Order entered on August 10, 2018, such that the Property could not be sold to Barba fee and clear of liens, claims and encumbrances absent consent from Casey and/or a Court Order.

F. Accordingly, pursuant to a Consent Order entered on March 7, 2019 [Doc. 49], the sale of the property was to proceed in accordance with this Court's Order entered on August 10, 2018 [Doc. No. 44], except that the closing was to take place at a location, date and place convenient for the Trustee and Barba, and that the sale of the property to Barba was to be free and clear of liens, claims and/or encumbrances, including any liens, claims and/or encumbrances held by Casey Wright.

G. Thereafter, as the Trustee and Barba moved forward towards closing, the title company (Title on Demand of NJ, Inc.) for Barba advised that it had located four (4) judgments against the Debtor ((1) St. Clare's Health System, (2) Chilton Memorial Hospital, (3) AHS Hospital Corp. d/b/a Morristown Memorial and (4) Cate Wright)(collectively, the "Judgments"),, and that it would not go forward with the closing without resolution of the judgments.

H. The Debtors failed to list the Judgments in their Petition [Doc. 1].

Debtor: Charles Patterson Wright, II and Kanyanat Wright
Case No: 17-31543 (RG)
Caption of Order: Order Approving the Private Sale of the Debtors' Residence Pursuant to 11 U.S.C. § 363, Free and Clear of any Liens, Claims and Encumbrances, including but not limited to any Judgments of 1)St. Clare's Health System, 2) Chilton Memorial Hospital, 3) AHS Hospital Corp. d/b/a Morristown Memorial and 4) Cate Wright.

I. The Trustee did not have the benefit of a title search report prior to filing his initial Motion for sale of the Property.

J. The Trustee contends that the Sale is in the best interest of the Debtors' estate and its creditors.

K. There are no proofs to suggest that the Judgments were ever perfected.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**:

1. The Trustee is hereby authorized to sell the Property in accordance with this Court's Orders dated August 10, 2018 [Doc. No. 44] and March 7, 2019 [Doc. 49].

2. The Trustee's sale of the Property shall be free and clear of any liens, claims and encumbrances, including but not limited to any judgments or liens of 1) St. Clare's Health System, 2) Chilton Memorial Hospital, 3) AHS Hospital Corp. d/b/a Morristown Memorial and 4) Cate Wright.

3. The Trustee is authorized to execute any and all documents necessary to effectuate the sale of the Property to the Buyer(s).

4. The requirements of Federal Rule of Bankruptcy Procedure 6004(a) and (c) are deemed to be satisfied.

5. The Bankruptcy court retains jurisdiction over any and all disputes relating to the Trustee's sale of the Property.

6. A copy of this Order be served upon all parties in interest within seven (7) days of the date hereof.